Reese, .T.
delivered the opinion of the court.
The defendants, who were the proprietors of a turnpike-road, were presented for a nuisance in not keeping the road in repair. They were convicted and moved in arrest of judgment. The judgment of the circuit court having been gendered against them, an appeal in error was prosecuted to this court. It is insisted for the defendants, that they are not liable to, an indictment, but only forfeit their right to receive toll when the road is out of repair. By the 2d section of the charter (acts 1831, c 34, private acts,) the proprietors are required to keep their road “clear of stumps, grubs, roots, trees, rocks, runners, or other obstructions,” and by the act of 1831, c 42, § 1, and the act of 1835, c 66, § 1, “the proprietors of turnpike roads and toll bridges, or the keepers thereof, or either of them, shall be subject to be punished for permitting their roads or bridges to remain out of repair, in the sanie manner, and under the same rules, regulations and restrictions that overseers of public roads are subject to, according to the laws of the State.”
It is insisted for the defendants fhat they are not liable to an indictment under the acts just quoted, for permitting their road to be out of order, because, by the terms of their charter, certain commissioners were appointed, whose duty it was tp view and lay off the road in the first instance, and when finished, to inspect it once within every two months, and if they should deem it out of repair, to throw open the gates, to the end that the public, during the time it might so remain out of repair, should have the use of the road free from tollage. This, it is contended, is the only penalty to which they can *526 subiected; or, in other words, that the State having by , . .. . . ,, . , , c.u the charter itself subjected the proprietors to the loss of toll-age, with a view to the enforcement of their duty in keeping the road in good repair, it was not competent to add further or cumulative penalties. And why not? Are the proprietors subjected by the provisions of the acts of 1831, c 42, § 1, and 1835, c 66, § 1, to any new duties or heavier bur-thens? Are their rights under their charter divested, or their privileges curtailed? Surely not. If they perform the duty imposed upon them by their charter, and keep their road in repair, they will escape the animadversion alike of the commissioners in throwing open their gates, and of the courts in subjecting them to fines. But if they omit this duty, and suffer their road to become a public nuisance, shall they be heard to say to the State, throw open our gates by means of your commissioners, if you choose, but we have bargained with you in our charter, that we shall not be proceeded against as for a nuisance? Is it the meaning of the charter that they may suffer the road to remain out of repair if no toll be received? Surely not. For then it might suit them to suffer the road to continue in bad condition, and the gate to continue open during half of the year, when there might be but little traveling upon it, and during the other and more profitable half, to put it in repair and close the gate. In fact, there can be little doubt that experience manifested this scheme of enforcing the duty of proprietors of roads, by the control of commissioners to be utterly inefficient and nugatory, not because if the gates, for their default, had been opened, such a .measure would have been wanting in energy, but because the commissioners were found to want the vigilance, the firmness or the integrity to prompt them to the adoption of the measure. If then these petty agents of the public shall refuse or omit to do their duty, or shall die or remove, shall the community, who have surrendered their duty of keeping the road in repair to the proprietors, be compelled not only to travel over bad roads, but be subjected also to tollage.
As to the form of the indictment, we think that in alleging the offence, it substantially pursues the terms of the charterf *527 And we also think that the liability of the proprietors is enough stated. Let the judgment be affirmed. well
Judgment affirmed.